IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN L. RINEHART, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. 1:13 CV 03304 ELR |
| v. | ) |
| | ) |
| GFI MANAGEMENT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THOMAS DAWSON PURSUANT TO DAUBERT V. MERRELL DOW PHARMACEUTICALS, INC., OR IN THE ALTERNATIVE, MOTION IN LIMINE**

COMES NOW, Defendant GFI Management Services, Inc., and files it's Brief in Opposition to Plaintiff's Motion to exclude Thomas Dawson pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., or in the Alternative, Motion in Limine, showing the Court the following:

### I.    INTRODUCTION

As the Court is aware, this is not the first time Plaintiff has missed a deadline. First and foremost, Rule 26.2 of the Local Rules states that "[a]ny party objecting to an expert's testimony based upon Daubert v. Merrell Dow Phams., Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993), shall file a motion **no later than the date that the proposed pretrial order is submitted**. Otherwise, such

-1-

11407446v.2

objections will be waived." N.D. L.R. Rule 26.2(c). In the case a bar, the Pretrial Order was submitted on August 22, 2016. Thus, under the Local Rules, Plaintiff has waived the right to file the instant motion. Additionally, Plaintiff has filed multiple motions seeking to hide from the jury very pertinent evidence. The instant motion is yet another example of Plaintiff's attempt to keep facts from the jury. Thomas Dawson has been retained to testify as to the mandatory coverage available under the Affordable Care Act. As case law will explain below, this coverage does not constitute a collateral source, and Mr. Dawson should be permitted to testify regarding the same. Plaintiff's motion should be denied.

## II.     PERTINENT FACTS

Defendant identified Thomas J. Dawson as an expert on October 13, 2015 to offer testimony regarding Plaintiff's damages. (*See* Defendant's Sixth Supplemental Rule 26(a)(1) Initial Disclosures attached hereto as "**Exhibit A**"). Mr. Dawson is an attorney with extensive experience with the Affordable Care Act. (*See* Thomas J. Dawson's Curriculum Vitale attached hereto as "**Exhibit B**"). On October 14, 2015 Defendant filed it's Seventh Supplemental Rule 26(a)(1) Initial Disclosures and provided Plaintiff with a copy of Mr. Dawson's written report. (*See* Defendant's Seventh Supplemental Rule 26(a)(1) Initial Disclosures attached hereto as "**Exhibit C**"). Plaintiff deposed Mr. Dawson on December 7,

2015. (*See* Deposition of Thomas J. Dawson attached hereto as "**Exhibit D**"). The Pretrial Order was submitted on August 22, 2016. As such, the deadline to file <u>Daubert</u> motions was August 22, 2016. Plaintiff has now filed this untimely motion seeking to keep Mr. Dawson's testimony hidden from the jury.

### III. <u>LEGAL ARGUMENT AND CITATION OF AUTHORITY</u>

Plaintiff's motion to limit the testimony of Thomas J. Dawson is without merit. Mr. Dawson is an exceptionally qualified individual in the area in which he will provide testimony. Plaintiff has also missed the deadline to file a <u>Daubert</u> motion. Lastly, the Affordable Care Act does not fall within the collateral source doctrine. For all these reasons Plaintiff's motion should be denied.

### A. <u>Plaintiff's Daubert Motion as to Thomas Dawson is untimely per the Local Rules of the Court.</u>

Plaintiff is untimely, again. Per Rule 26.2 of the Local Rules, "[a]ny party objecting to an expert's testimony based upon <u>Daubert v. Merrell Dow Phams., Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786 (1993), shall file a motion no later than the date that the proposed pretrial order is submitted. Otherwise, such objections will be waived, unless expressly authorized by court order based upon a showing that the failure to comply was justified." N.D. L.R. Rule 26.2(c). As the Court is aware, the Proposed Consolidated Pretrial Order was submitted on August 22, 2016. (*See*

Document 144). As such, Plaintiff was required to file the instant motion on August 22, 2016 or before. Plaintiff filed the instant motion almost two months later on October 18, 2016, with no justification for delay. Plaintiff's <u>Daubert</u> motion is clearly untimely and should be denied.

Furthermore, any attempt to frame Plaintiff's <u>Daubert</u> motion as a motion in limine is nothing more than a transparent attempt by Plaintiff to circumvent the deadlines put forth by the local rules. Plaintiff's attempt to file a <u>Daubert</u> motion and mask the motion as a motion in limine (with only nine days to respond per Court order, as opposed to the typical 30 days to respond) is disingenuous. The Court should ignore Plaintiff's "alternative" argument and deny the motion in its entirety.

### B. **The Affordable Care Act does not constitute a collateral source as it is mandatory and Plaintiff contributed no funds for the coverage.**

Proceeds and/or coverage under the Affordable Care Act do not fall under the collateral source doctrine since it is mandatory and Thomas Dawson should be permitted to offer testimony in this respect. Plaintiff is incorrectly seeking to assert the collateral source rule to gain a possible windfall for medical expenses that he never paid, or will ever pay. Courts have repeatedly held that damages are not to be measured by costs that are covered by government programs. <u>Wessels v. Chapman,</u>

2016 U.S. Dist. LEXIS 56241, 4-5 (N.D. Iowa 2016). Courts around the country have allowed into evidence testimony regarding evidence of the Affordable Care Act coverage as a future source of future medical care expenses. Brewington v. United States, 2015 U.S. Dist. LEXIS 97720 (C.D. Cal. 2015). "Because of the Patient Protection and Affordable Care Act's individual mandate requirement… almost everyone will be insured. Thus defendants will rarely, if ever, encounter plaintiffs whose medical bills are paid in full at the billed rate rather than at the lower negotiated rate paid by insurance companies." Stayton v. Del. Health Corp., 117 A.3d 521, 531 (Del. 2015).

Stated simply, with regard to the collateral source rule, "a plaintiff is entitled to compensation sufficient to make him whole, **but no more**." Stayton v. Del. Health Corp., 117 A.3d 521, 527 (Del. 2015). "If the collateral payments are received gratis, then their receipt should bar recovery under the no-fault policy." Stayton v. Del. Health Corp., 117 A.3d 521, 530 (Del. 2015). To assist the jury in understanding the true amount of damages, "[t]he defendant may also introduce its own witnesses to testify that the billed amounts do not represent the reasonable value of the services. Additionally, the defendant may introduce the discounted amounts into evidence to rebut the reasonableness of charges introduced by the plaintiff." Stayton v. Del. Health Corp., 117 A.3d 521, 526-534 (Del. 2015). With

regard to the Affordable Care Act coverage courts have stated that "it cannot restrict reference to the Affordable Care Act as it is the law of the land. The Court likewise finds it cannot prohibit the Defendants from presenting their own damage assessments for future care in this matter." <u>Christy v. Humility of Mary Health Partners</u>, 2015 Ohio Misc. LEXIS 21369, 2-3 (Ohio C.P. 2015). "To be recoverable as expenses, monies must generally have been expended, or at least incurred." <u>Stayton v. Del. Health Corp.</u>, 117 A.3d 533 (Del. 2015). The Middle District of Georgia has even held that an insurance benefit provided solely by the United States, as a result of no monetary contributions of the plaintiff, does not constitute a collateral source. <u>MacDonald v. United States</u>, 900 F. Supp. 483, 486-487 (M.D. Ga. 1995).

Plaintiff seeks to keep Mr. Dawson's testimony from the jury solely to preserve the possibility of a windfall judgment to which he is in no way entitled. When asked to describe the type of expert Mr. Dawson would constitute he stated that he would be an expert in "the understanding of insurance law; and understanding of the Affordable Care Act, how it impacts the delivery of care; an understanding of Medicare/Medicaid private insurance; and understanding of the future cost, how one would interpret future cost of care; and a range of issues related to the subrogation -- who pays, when they pay. Those are very important."

(*See* **Ex. D**, 33:20-34:5). Mr. Dawson went on to state that "[m]y" opinion is that Mr. Rinehart is guaranteed access to minimum essential coverage, that he's required to take up that coverage, and that this coverage will continue to be available to him in the future. More importantly, I am prepared to say that, here, it is my opinion that the coverage identified in the market, meaning in the private market under or through the Affordable Care Act, was not or rather is not intended to be thought of, at least it was not intended to be thought of by Congress -- my interpretation of this -- as a collateral source in the traditional sense that we think of. That was not, in my experience, my understanding of the intent." (*See* **Ex. D**, 46:15-47:7). Plaintiff has presented absolutely no legitimate argument as to why Mr. Dawson should not be permitted to testify on these issues.

Should Plaintiff be awarded a judgement at trial - and Defendant continues to deny all wrongdoing - Plaintiff is only entitled to be made whole, "**but not more.**" Stayton , 117 A.3d at 527 (Del. 2015). Plaintiff would not be entitled to a judgment representing coverage and expenses to which Plaintiff never paid for or will ever pay. As such, Mr. Dawson should be permitted to testify as to the coverage provided to and available to Plaintiff, since Plaintiff has never paid for said coverage.

## IV. CONCLUSION

Once again Plaintiff is attempting to keep probative evidence from the jury. This is Plaintiff's third motion in limine, and each are unfounded and only seeking to hide information from the jury. Initially, Plaintiff's motion is not timely and should be denied. Next, the testimony sought to be introduced through Mr. Dawson does not constitute testimony pertaining to a collateral source. For these reasons, the instant motion should be denied in its entirety.

This 27th day of October, 2016.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

/s/ Christian J. Lang
David C. Marshall
Georgia Bar No. 471512
Christian J. Lang
Georgia Bar No. 435437
*Counsel for Defendant.*

4000 SunTrust Plaza
303 Peachtree Street, NE
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
dmarshall@hptylaw.com
clang@hptylaw.com

11407446v.2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN L. RINEHART, | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. 1:13 CV 03304 ELR |
| v. | ) |
| GFI MANAGEMENT SERVICES, INC., | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day filed a true and correct copy of **DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THOMAS DAWSON PURSUANT TO DAUBERT V. MERRELL DOW PHARMACEUTICALS, INC., OR IN THE ALTERNATIVE, MOTION IN LIMINE** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Joseph W. Weeks, Esq.
McNally Weeks
125 Clairemont Avenue
Suite 450
Decatur, Georgia 30030

11407446v.2

Andrew R. Lynch, Esq.
150 E. Ponce de Leon Avenue, Suite 225
Decatur, Georgia 30030

This 27th day of October, 2016.

                              **HAWKINS PARNELL
                                    THACKSTON & YOUNG** LLP

                              /s/ Christian J. Lang
                              David C. Marshall
                              Georgia Bar No. 471512
                              Christian J. Lang
                              Georgia Bar No. 435437

11407446v.2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN L. RINEHART, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. 1:13 CV 03304 ELR |
| v. | ) |
| | ) |
| GFI MANAGEMENT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## **LR 7.1(D), NDGa. CERTIFICATE**

I, Christian J. Lang, hereby certify that the foregoing **DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THOMAS DAWSON PURSUANT TO DAUBERT V. MERRELL DOW PHARMACEUTICALS, INC., OR IN THE ALTERNATIVE, MOTION IN LIMINE** has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa.

This 27th day of October, 2016.

**HAWKINS PARNELL
THACKSTON & YOUNG** LLP

/s/ Christian J. Lang
David C. Marshall
Georgia Bar No. 471512
Christian J. Lang
Georgia Bar No. 435437

11407446v.2