IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JONATHAN L. RINEHART, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:13-CV-03304-ELR |
| | * | |
| GFI MANAGEMENT SERVICES, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

## ORDER ON TRIAL MATTERS

This case is scheduled to be tried before this Court on Monday, December 12, 2016. This Order serves to memorialize the Court's rulings on its proposed verdict form, voir dire questions, motions in limine, and other trial matters.

As instructed at the pretrial conference, counsel shall arrive by 9:00 AM each day of trial.

### I. VERDICT FORM, PRELIMINARY INSTRUCTIONS, AND FACTUAL SYNOPSIS

Any proposed edits to the Court's proposed verdict form, preliminary instructions, and/or proposed factual synopsis shall be due on or before **Tuesday, December 6, 2016**.

### II. VOIR DIRE

Any objections to the Court's qualifying questions shall be submitted on or before **Tuesday, December 6, 2016**.

The Court **SUSTAINS** Defendant's objections to Plaintiff's questions 20–24, 26, 28–29, 40–42. Plaintiff shall have through and including **Tuesday, December 6, 2016** to submit any proposed revised questions. Defendant's objections to any proposed revisions are due by **Thursday, December 8, 2016**.

The Court **EXCLUDES** Plaintiff's question 57 and Defendant's question 16 as cumulative of the Court's qualifying questions.

The Court will **not** provide the parties with an advance copy of the juror list.

### III.  PROPOSED JURY CHARGES

The parties shall submit their proposed jury instructions by 9:30 AM on **Monday, December 5, 2016**. The parties should submit these charges in Microsoft Word format to ASHLEY_WORRELL@GAND.USCOURTS.GOV.

### IV.  WITNESSES AND EXHIBITS

The parties are directed to meet and confer regarding witnesses and exhibits in advance of trial. Any objections or issues shall be promptly raised to the Court. The parties shall specifically attempt a resolution regarding any redacted documents. Any new objections to exhibits or witnesses shall be filed with utmost promptness.

### V. MOTIONS IN LIMINE

- <u>Plaintiff's Motion in Limine to Limit the Testimony of Douglas Ahearn (Doc. No. 151)</u>: The Court **GRANTS** the motion and limits the testimony to commenting on how training/experience as a skilled professional allow Mr. Ahearn to observe specific things. The examples of testimony provided by Defendant on page 4 of its response are acceptable.

- <u>Plaintiff's Motion in Limine to Exclude the 911 Call (Doc. No. 152)</u>: The Court **DENIES** the motion but will require redaction of the portion of the transcript discussed in the pretrial conference. Plaintiff shall be responsible for completing the redaction and must present the Court and opposing counsel with the redactions in advance of trial.

- Plaintiff's Motion to Exclude Thomas Dawson (Doc. No. 153): The Court **GRANTS** the motion in the absence of any controlling Eleventh Circuit authority to the contrary.

- Plaintiff's Motion to Exclude Witness Statements from the August 2009 Incident Report (Doc. No. 160): The Court **DENIES** the motion at this time, on the assumption that Officer Howard will be present at trial. The Court may reconsider this ruling if the trial circumstances change. To the extent the report specifically references prescription medication or mental illness, Plaintiff is directed to redact such portions.

- Plaintiff's Motion to Exclude Plaintiff's Alcohol and Prescription Drug Use (Doc. No. 162): The Court **DENIES** the motion as to alcohol use but **GRANTS** the motion as to prescription drug usage.

- Plaintiff's Additional Motions in Limine (Doc. No. 164):

    o Evidence of Plaintiff's mental health history, diagnosis, and treatment: **GRANTED**. Defendant is to request a sidebar if it believes a door has been opened.

    o Improper use of Plaintiff's medical records in cross examination: **DENIED** as to records Plaintiff uses on direct examination. In other respects, **GRANTED**. Defendant is to request a sidebar if it believes that a door has been opened.

    o Evidence of Plaintiff's past arrests or convictions: **GRANTED**. Defendant is to request a sidebar if it believes a door has been opened.

    o Collateral source evidence: **GRANTED**. Defendant is to request a sidebar if it believes a door has been opened.

    o Plaintiff's use of the award: **GRANTED**. Defendant may still argue against Plaintiff's future medical needs.

    o That money will not undo damages: **GRANTED**. Defendant is to request a sidebar if it believes a door has been opened.

    o Use of contingent fees: **GRANTED** as to all parties.

- o References to Plaintiff winning the lottery or relating trial to games of chance: **GRANTED**.

- Defendant's Motion in Limine (Doc. No. 161)

  - o Evidence of conditions at the apartment complex after the incident in question: All parties agreed that Plaintiff's expert who visited the apartment complex shortly after the incident should be allowed to testify. Further, Plaintiff agrees that lay witness testimony of the conditions after the incident should not be allowed. Accordingly, the Court **GRANTS** the motion as it pertains to those two issues but **DENIES** the motion as it pertains to whether Plaintiff may elicit testimony regarding a later site inspection. Plaintiff may elicit testimony regarding what was observed during the inspection but is prohibited from referencing the date in which that inspection occurred.

  - o Mention of other apartment units/balconies: **DENIED**. However, to the extent discussed at the pretrial conference, Defendant may elicit testimony regarding the lack of similar incidents.

  - o DeKalb County Code warnings or violations: **DENIED** as it pertains to the particular code violations discussed at the pretrial conference. Plaintiff shall provide the Court and opposing counsel a redacted version of the code violations, as discussed at the pretrial conference. Plaintiff will not be allowed to utilize this evidence if the Court has not first reviewed the redacted exhibit.

  - o Medical bills or documents produced after the close of discovery: **DENIED** at this time. As detailed above, the parties are directed to meet and review bills to determine what will be used and/or if redactions are necessary. Any further objections shall be raised as promptly as possible.

  - o Financial condition of the parties: **GRANTED**.

  - o Evidence of other properties managed by Defendant or the state of Defendant's incorporation: **GRANTED**.

- Defendant's Motion to Exclude Expert Evidence of Dr. Keith Tansey (Doc. No. 179): **GRANTED** without opposition from Plaintiff. The parties are directed to meet and confer regarding appropriate redactions of Dr. Tansey's testimony.

## VI.   OTHER MATTERS

The parties are reminded to have with them at trial the Court's equipment order. (Doc. No. 181.) Opening statements will be limited to 30 minutes per side. Closing arguments will be limited to 60 minutes per side.

**SO ORDERED** this 30th day of November, 2016.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia